COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-154-CR
 
SADIQ OLASUNKA ADELEKE                                                  APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
297TH DISTRICT COURT OF TARRANT COUNTY 
 
------------

MEMORANDUM OPINION 
 


------------
        On March 19, 1997, appellant Sadiq Olasunka Adeleke was convicted of 
aggravated sexual assault of a child under fourteen years of age. He now 
appeals from the trial court’s order denying his motion for post-conviction DNA 
testing. Appellant, through his court-appointed counsel, complains that the trial 
court erred by ruling that he was not entitled to DNA testing because the victim 
knew appellant. In a pro se brief, appellant contends that he received 
ineffective assistance of counsel at trial and that his written confessions to the 
police were involuntary. 
 

 We affirm. 
        Article 64.03 of the code of criminal procedure sets forth the 
requirements that must be met before DNA testing can be ordered. Tex. Code 
Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2004). Among the requirements, 
a convicting court may order forensic DNA testing only if the court finds that 
the evidence still exists and is in a condition making DNA testing possible; the 
evidence has been subjected to a chain of custody sufficient to establish that 
it has not been substituted, tampered with, replaced, or altered in any material 
respect; and identity was or is an issue in the case. Id. art. 64.03(a)(1). 
        The trial court’s findings of fact from the hearing state that appellant’s 
identity “was not or is not an issue in this case since he admitted to the sexual 
assault of his step-daughter.” Appellant does not challenge the finding that he 
admitted sexually assaulting the victim. Moreover, appellant’s written 
confessions show that he admitted touching the victim’s vagina with his penis 
and hand. 
        Appellant also has not shown that identity was ever an issue at trial, nor 
does the record before us reveal that it was an issue. Furthermore, identity 
was not an issue on appeal from the judgment of conviction. 
 

 See id.; Bell v. 
State, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002) (“Chapter 64 requires that
identity ‘was or is’ an issue, not that future DNA testing could raise the
issue.”). On the other hand the State contends that the only issue at trial was
whether penetration occurred. See Morris v. State, 110 S.W.3d 100, 103
(Tex. App.—Eastland 2003, pet. stricken) (holding trial court properly denied
DNA testing where evidence showed appellant admitted sexual contact with
victim but denied penetration and identity was never an issue at trial or on
appeal from judgment). Appellant does not challenge this contention. 
        Accordingly, based on the record before this court, we hold the trial court 
did not err in denying appellant’s motion for DNA testing. We overrule 
appellant’s sole point. We also overrule appellant pro se’s supplemental issues 
arguing error from the trial that resulted in his conviction. Because these issues 
raise error from his original trial and judgment, they are untimely presented to 
this court. See Tex. R. App. P. 26.2. 
        We affirm the trial court’s judgment.   
 
                                                          PER CURIAM 

PANEL B:   SAM J. DAY, J. (Retired, Sitting by Assignment); DAUPHINOT and 
HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 4, 2003